ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| UNITED STATES OF AMERICA : | **SEALED SUPERSEDING INDICTMENT** |
| - v. - : | S1 12 Cr. 120 |
| RAWSON EDWARD WATSON, NICOLAS EPSKAMP, and NAYEF MAHMOUD FAWAZ, : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 02 2012

COUNT ONE

The Grand Jury charges:

1. From at least in or about January of 2009 through and including in or about December of 2011, RAWSON EDWARD WATSON, NICOLAS EPSKAMP, and NAYEF MAHMOUD FAWAZ, the defendants, who will first enter the United States in the Southern District of New York, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that RAWSON EDWARD WATSON, NICOLAS EPSKAMP, and NAYEF MAHMOUD FAWAZ, the defendants, and others known and unknown, would and did possess with intent to distribute a controlled substance on board an aircraft registered in the United States, in violation of 21 U.S.C. §§ 812, 959(b), and 960(a)(3).

JUDGE SULLIVAN

3. The controlled substance involved in the offense was 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 960(b)(1)(B).

**Overt Acts**

4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed:

a. In or about August of 2011, NAYEF MAHMOUD FAWAZ, the defendant, contacted a representative of a plane-chartering company and requested that an airplane be provided for the transportation of cargo.

b. On or about October 21, 2011, FAWAZ again contacted the representative of the plane-chartering company and stated that two British nationals who worked for him would be flying with approximately 20-40 pieces of luggage from the Dominican Republic to Belgium.

c. On or about October 31, 2011, FAWAZ contacted the representative of the chartering company and indicated that he wanted the airplane to be thoroughly washed after the luggage was loaded on to the plane.

d. On or about December 7, 2011, RAWSON EDWARD WATSON, the defendant, placed a call to an individual who had been hired to fly an aircraft and discussed the details of the

aircraft that would be used to transport the narcotics, including the American registration number of the plane.

e.  On or about December 7, 2011, WATSON placed a call to FAWAZ and informed him that they had secured the new plane with an American registration number.

f.  On or about December 14, 2011, NICOLAS EPSKAMP, the defendant, participated in a call with WATSON, during which he discussed the final logistics for the upcoming flight from the Dominican Republic, including the specific documents EPSKAMP would need for the trip.

g.  On or about December 15, 2011, WATSON boarded a private aircraft with a tail number that began with the letter "N," shortly after this aircraft was loaded with 1000 kilograms of cocaine.

h.  On or about December 15, 2011, EPSKAMP attempted to board the private aircraft referenced in Paragraph "g" above.

(Title 21, United States Code, Section 963.)

### FORFEITURE ALLEGATION

5.  As a result of committing the controlled substance offenses alleged in Count One of this Indictment, RAWSON EDWARD WATSON, NICOLAS EPSKAMP, and NAYEF MAHMOUD FAWAZ, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853 and 970, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a

result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. §§ 853 and 970, to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970.)

_____          _____
FOREPERSON                                PREET BHARARA
                                          United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

RAWSON EDWARD WATSON
NICOLAS EPSKAMP, and
NAYEF MAHMOUD FAWAZ

Defendants.

SUPERSEDING INDICTMENT

S1 12 Cr. 120
(21 U.S.C. § 963)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.

3/20/12 - Filed sealed superseding indictment. Arrest warrants issued.

J. Fox
U.S.M.J.