USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7|11|17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA          :        **SUPERSEDING INFORMATION**

          - v. -                  :        S2 12 Cr. 120 (RJS)

NAYEF MAHMOUD FAWAZ,              :
     a/k/a "Jhonnie,"
                                  :
          Defendant.
                                  :
------------------------------------X

## COUNT ONE

The United States Attorney charges:

1.    From at least in or about early 2011, up to and
including on or about June 24, 2012, NAYEF MAHMOUD FAWAZ, a/k/a
"Jhonnie," the defendant, who first entered the United States in
the Southern District of New York, and others known and unknown,
intentionally and knowingly combined, conspired, confederated,
and agreed together and with each other to violate the narcotics
laws of the United States.

2.    It was a part and an object of the conspiracy that
NAYEF MAHMOUD FAWAZ, a/k/a "Jhonnie," the defendant, and others
known and unknown, would and did possess with intent to
distribute a controlled substance on board an aircraft registered
in the United States, in violation of Title 21, United States
Code, Sections 812, 959(b), and 960(a)(3).

3.    The controlled substance involved in the offense
was 5 kilograms and more of mixtures and substances containing a
detectable amount of cocaine, in violation of Title 21, United

States Code, Section 960(b)(1)(B).

## Overt Acts

4.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed:

a.    In or about 2011, NAYEF MAHMOUD FAWAZ, a/k/a "Jhonnie," the defendant, contacted a representative of a plane-chartering company located in the United States (the "Charter Company") and requested an aircraft for the transportation of passengers and approximately 20-40 pieces of luggage from the Dominican Republic to Belgium.

b.    On or about October 29, 2011, NAYEF MAHMOUD FAWAZ, a/k/a "Jhonnie," the defendant, executed a contract with the Charter Company to supply an aircraft for a flight from the Dominican Republic to Belgium on November 1, 2011.

(Title 21, United States Code, Section 963.)

## COUNT TWO

The United States Attorney further charges:

5.    In or about 2011, in the Southern District of New York and elsewhere, NAYEF MAHMOUD FAWAZ, a/k/a "Jhonnie," the defendant, who was first brought to the Southern District of New York, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to violate, and to cause a violation of, licenses, orders,

2

regulations, and prohibitions issued under the International
Emergency Economic Powers Act, Title 50, United States Code,
Sections 1701 to 1707, and Part 560 of Title 31, Code of Federal
Regulations.

6.    It was a part and an object of the conspiracy
that NAYEF MAHMOUD FAWAZ, a/k/a "Jhonnie," the defendant, and
others known and unknown, would and did export, reexport, sell,
and supply, and cause to be exported, reexported, sold, and
supplied, directly and indirectly, from the United States, goods,
technology, and services, to wit, U.S.-manufactured helicopters
and aircraft, to customers located in Iran, without obtaining the
required approval of the Office of Foreign Assets Control, within
the United States Department of Treasury, in violation of Title
50, United States Code, Sections 1701 to 1707, and Title 31, Code
of Federal Regulations, Sections 560.203 and 560.204.

## Overt Acts

7.    In furtherance of the conspiracy and to effect the
illegal object thereof, NAYEF MAHMOUD FAWAZ, a/k/a "Jhonnie," the
defendant, and others known and unknown, committed the following
overt acts in the Southern District of New York and elsewhere:

a.    In or about 2011, NAYEF MAHMOUD FAWAZ, a/k/a
"Jhonnie," the defendant, had discussions with a co-conspirator
not named as a defendant herein ("CC-1") about establishing a
company in the United Arab Emirates to serve as the purported

3

recipient of helicopters and aircraft to be sourced in the United States and thus to conceal the fact that the helicopters and aircraft were to be purchased by and used by customers in Iran.

b.     In or about 2011,NAYEF MAHMOUD FAWAZ, a/k/a "Jhonnie," the defendant, contacted a company in California to obtain price quotes for a specific type of helicopter manufactured in the United States.

(Title 50, United States Code, Section 1705 and Title 18, United States Code, Section 3238.)

## FORFEITURE ALLEGATIONS

(As to Count One)

8.     As a result of committing the controlled substance offense charged in Count One of this Information, NAYEF MAHMOUD FAWAZ, a/k/a "Jhonnie," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Information.

## Substitute Assets Provision

9.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

4

(1)  cannot be located upon the exercise of due
     diligence;

(2)  has been transferred or sold to, or deposited
     with, a third party;

(3)  has been placed beyond the jurisdiction of
     the court;

(4)  has been substantially diminished in value;
     or

(5)  has been commingled with other property which
     cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,
United States Code, Sections 853 and 970, to seek forfeiture of
any other property of the defendant up to the value of the above
forfeitable property.

(Title 21, United States Code, Sections 852 and 970.)

## FORFEITURE ALLEGATIONS

(As to Count Two)

10.     As a result of committing the offense charged
in Count Two of this Information, in violation of 50 U.S.C.
§ 1705, and regulations promulgated thereunder, NAYEF MAHMOUD
FAWAZ, a/k/a "Jhonnie," the defendant, shall forfeit to the

5

United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offense.

Substitute Assets Provision

11.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (1) cannot be located upon the exercise of due diligence;
>
> (2) has been transferred or sold to, or deposited with, a third party;
>
> (3) has been placed beyond the jurisdiction of the court;
>
> (4) has been substantially diminished in value; or
>
> (5) has been commingled with other property which cannot be subdivided without difficulty;

6

it is the intent of the United States, pursuant to 18 U.S.C.
§ 981(a)(1)(C), to seek forfeiture of any other property of said
defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 28, United States Code, Section 2461.)

PREET BHARARA
United States Attorney

7

Form No. USA-33s-274 (Ed. 9-25-58)

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

v.

**NAYEF MAHMOUD FAWAZ,**
**a/k/a "Jhonnie,"**

Defendant.

### SUPERSEDING INFORMATION

S2 12 Cr. 120

(21 U.S.C. § 963; 50 U.S.C. § 1705;
18 U.S.C. § 3238)

PREET BHARARA
United States Attorney.